SIMPSON, GDN., ET AL. *v.* JACKSON, ADMR.

(Decided May 28, 1928.)

*Mr. George A. Dornette* and *Mr. James Barrie,* for plaintiff in error American Surety Co.
*Mr. Elmer Conway, Mr. John H. Doyle* and *Messrs. Williams, Ragland, Dixon & Murphy,* for defendant in error.

CUSHING, J. Linnie Simpson, guardian of Elihu Green Jackson, an incompetent, signed a bond, with the American Surety Company as surety, by Albert Daiker, its attorney in fact.

It is claimed that Simpson, the guardian, received from the government of the United States $1,868.25, and that the guardian claims to have received but $1,668.25. It is claimed that she did in fact receive the sum of $1,868.25, and that the probate court ordered her, as guardian, to turn over to Jeremiah Jackson, administrator of the estate of said Elihu Green Jackson, the sum of $1,861.11; that Simpson is unable, and has refused and neglected to pay said sum to said administrator; that the latter has made demand on the American Surety Company, surety on the bond of Simpson, guardian, for the payment of $1,861.11, which payment has been refused. Judgment is prayed for in that sum, with interest from November 25, 1925.

The answer of the American Surety Company was a general denial.

The jury was dismissed, and the matter submitted to the court. The court gave judgment for the plaintiff administrator in the sum of $2,032.67 and costs. Motion for a new trial was overruled, and the cause is here on error from the judgment of the court of common pleas.

The principal assignment of error is that the trial court received in evidence the power of attorney purporting to have been executed by the American Surety Company of New York, empowering Albert Daiker to sign bonds for said company.

The power of attorney was on file in the office of the clerk of the court of common pleas of Hamilton county, Ohio. It was produced by a duly authorized deputy clerk. The testimony of Daiker was that he had been signing bonds for the American Surety Company for about nine years.

Attached to the amended petition were the following interrogatories:

"1. Was the original of the bond, hereto attached, signed and executed by the defendant company, as alleged in the petition?

"2. Is the attached copy a true and correct copy of the original bond executed by the defendant company, The American Surety Company?"

These interrogatories were not answered by the defendant the American Surety Company.

Section 11350, General Code, provides:

"Answers to interrogatories may be enforced by an order of dismissal, judgment by default, or by attachment, as the justice of the case requires. On the trial such answers, so far as they contain competent testimony on the issue or issues [made], may be used by either party."

This section of the statute clearly gives the court authority to render judgment by default.

The court heard the evidence, and, in connection with the failure to answer the interrogatories, the trial court held the American Surety Company liable.

The judgment is affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and MILLS, J., concur.